**Joni BEATY, Plaintiff–Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,**
**Defendants–Appellees.**

No. 06–56530.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 2008.

Filed Feb. 13, 2009.

47

Jeffrey C. Metzger, Esquire, Jeffrey C. Metzger LC, Laguna Hills, CA, for Plaintiff–Appellant.

Adrienne C. Publicover, Esquire, Robert Cooper, Esquire, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Los Angeles, CA, for Defendants–Appellees.

Before: FARRIS and WARDLAW, Circuit Judges, and SCHWARZER, District Judge.*

### MEMORANDUM **

Joni Beaty appeals the district court's judgment denying her benefits under an employee long term disability insurance plan ("LTDP") insured by defendant Prudential Insurance Company. The plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

### I.

Where, as here, the plan does not give the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we review the administrator's disability determination *de novo. Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Gilliam v. Nevada Power Co.,* 488 F.3d 1189, 1193 (9th Cir.2007).

The district court denied Beaty's claim on the basis of its finding that she is not "permanently disabled." Under the terms of the LTDP, however, she is entitled to benefits if she is not able to perform "the material and substantial duties of [her] occupation." The district court made no finding with respect to this standard and it did not examine evidence bearing on it. The denial of benefits to Beaty on the ground that she was not permanently disabled was clear error.

### II.

Shortly before trial, Beaty offered evidence that Prudential had considered her disabled under a similar definition in a life insurance policy and eligible for a waiver of premiums due under the policy. The evidence was not presented during the

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

internal review and appeal process, and was not included in the administrative record. In excluding the evidence, the district court stated that there were "severe limitations" on its ability to consider evidence not part of the administrative record, and observed that Beaty had made no showing that the evidence could not have been presented earlier.

Although a district court generally may consider only evidence contained in the administrative record, an exception exists when the court reviews a plan administrator's decision *de novo*. The district court is permitted, in its discretion, to consider evidence that was not before the plan administrator when it is necessary for the court to conduct an adequate *de novo* review of the benefit decision. *Silver v. Executive Car Leasing Long–Term Disability Plan*, 466 F.3d 727, 732 n. 2 (9th Cir.2006), citing *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943–44 (9th Cir.1995). There is no requirement that the proponent of the evidence demonstrate inability to present it earlier.

In focusing on whether the evidence could have been presented earlier, the district court failed to consider whether the proffered evidence was necessary to make an adequate *de novo* determination regarding Beaty's eligibility for benefits under the plan. The district court abused its discretion in excluding the evidence because it misunderstood the scope of its authority to admit new evidence, and evaluated the admissibility of the evidence under the wrong standard. *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir.2005) ("A district court abuses its discretion when it rests its decision on an inaccurate view of the law."). On remand, the district court should evaluate whether the evidence of Prudential's finding of disability under the life insurance policy will be of

assistance in assessing the nature and severity of Beaty's disability and in determining whether she is entitled to benefits under the LTDP policy.

### III.

The district court adopted Prudential's proposed findings of fact and conclusions of law verbatim and in their entirety. When the district court conducts a *de novo* review of the plan administrator's decision, we review the court's factual findings under the deferential clear error standard. *Silver*, 466 F.3d at 732–33. However when the district court "engage[s] in the regrettable practice of adopting the findings of fact drafted by the prevailing party wholesale," we review the district court's findings with special scrutiny to determine whether the district court adequately discharged its responsibility and whether any of its findings are clearly erroneous. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 n. 3 (9th Cir.1984) (internal quotations omitted); *Silver*, 466 F.3d at 733 (noting that "[w]ariness of a district court's verbatim adoption of a plan administrator's proposed findings is especially warranted in the ERISA context because of the complex and sometimes conflicting roles of plan administrators.").

The court found that Beaty was "not permanently disabled," resting its finding principally on the reviews and analyses of Prudential's experts, Drs. Cohen and Moorhead. These experts found that Beaty retained a "residual functional capacity to perform a full range of sedentary work." The district court erred by relying on these findings, both because they ignore the controlling disability standard under the policy, as well as Beaty's consistent reports of pain associated with performing certain tasks related to her job, and the evidence reflecting the impact of Beaty's condition on her cognitive func-

tioning. Beaty's declaration states that among other disabling effects, the pain she experiences interferes with her ability to concentrate on the hundreds of files that she is responsible for reviewing, prevents her from being able to focus on the complex financial issues that are part of the analysis required to evaluate applications, and makes her unable to adequately train and supervise her employees because she is forgetful and unable to focus. The interference with cognitive functions was observed by Dr. Silverman, a fibromyalgia specialist and one of Beaty's treating physicians. In short, the district court's findings fail to take into account the complete record of her disability and, in particular, disregard significant record evidence demonstrating the severity of Beaty's fibromyalgia symptoms. The court's findings also draw unsupportable inferences from a surveillance video and reports which show the plaintiff engaging in a variety of normal day-to-day activities. The district court's conclusion that the video demonstrates that Beaty was able to sit for extended periods of time, contradicting reports of her physicians is clear error. In fact, the video and the surveillance reports show only that Beaty entered a restaurant, was seated, and was seen seated again shortly before she left the restaurant approximately fifty minutes later—not that Beaty sat continuously for fifty minutes. Although the district court also noted that Beaty is seen engaging in activities such as walking, lifting, and carrying objects without any apparent discomfort, the court erred by failing to consider how these activities demonstrate that she can perform the duties of her occupation as a vice president of underwriting.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

## IV.

The judgment is **REVERSED** and the matter is **REMANDED** for further proceedings.